UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------- x x   06 Civ. 1732 (KMK)
DONNA BINETTI, On Behalf of Herself and All   :
Others Similarly Situated,   [PROPOSED] ORDER
   :   PRELIMINARILY
   Plaintiff,   APPROVING CLASS ACTION
   :   SETTLEMENT
   vs.
   :
WASHINGTON MUTUAL BANK, f/k/a
WASHINGTON MUTUAL BANK, FA,   :

   Defendant.   :
---------------------------------- x x:

KMK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

LA 51009295v1

WHEREAS, the Parties having made an application for an Order preliminarily approving the settlement of this Action pursuant to the Stipulation fully executed as of November 30, 2007 and concurrently lodged, which, together with its attached Exhibits, sets forth the terms and conditions for a proposed settlement of the Action and dismissal of the Action with prejudice; and

WHEREAS, the Court having read and considered the Stipulation and its attached Exhibits, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Order incorporates by reference the definitions in the Stipulation, and all terms used in this Order shall have the same meanings as set forth in the Stipulation.

2. For purposes of this Action, the Court has subject matter and personal jurisdiction over the Parties, including all persons in the Mailing Group.

3. The Court preliminarily approves the Stipulation and settlement set forth therein as being within the range of reasonableness to the Settlement Class, subject to further consideration at the Settlement Hearing described below.

4. The Court certifies the Settlement Class, which is defined as follows:

All persons in the Mailing Group who, during the Class Period, paid in full to WMB a loan that was in fact a Coop Secured Loan with respect to real property located in the State of New York or the State of New Jersey.

5. Regarding the Settlement Class, the Court preliminarily finds, solely for purposes of this settlement, that: (a) the Settlement Class is so numerous that joinder of all persons in the Settlement Class in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of Plaintiff are typical of the claims of the Settlement Class; (d) Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

6. The Court approves the written Postcard Notice, in the form of Exhibit 2 to the Stipulation; the Full-Form Notice, in the form of Exhibit 3 to the Stipulation; and the Claim Form, in the form of Exhibit 4 to the Stipulation. The Court finds that the mailing of the Postcard Notice, and the mailing and web posting of the Full-Form Notice and Claim Form, constitute valid, due and sufficient notice to all

persons entitled thereto and complies fully with the requirements of due process. The foregoing is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled to such notice.

7.  (a)  The Court approves the request for the appointment of WMB, or its designee, as the Claims Administrator, in accordance with the Stipulation.

(b)  The Claims Administrator is directed to act in accord with Sections IX and X of the Stipulation, including to mail the Mailed Notice by first class mail to the Mailing Group by ~~February~~ 19, 2008, which date is not sooner than 60 days after entry of this Order.

(c)  Fifteen days before the Settlement Hearing, the Claims Administrator shall file with the Court a declaration stating that it provided the Mailed Notice, Class Notice and Claim Form pursuant to the Stipulation and this Order.

8.  If persons in the Settlement Class do not wish to participate in the settlement, they may exclude themselves. All requests by persons in the Settlement Class to be excluded from the settlement must be in writing and postmarked not later than 30 days following the date on which Mailed Notice is first sent. The Claims Administrator shall handle all requests for exclusion. A written request for exclusion from the settlement must include: (a) the name and address of the person requesting exclusion; (b) a statement of request for exclusion; and (c) the signature of any other persons who were holders of a loan subject to the settlement. Requests for exclusion that do not include all required information and/or are not transmitted properly will not be honored. All requests for exclusion provided to the Court shall be filed under seal. Any person who excludes himself or herself from the Settlement Class will not be entitled to any proceeds of the settlement and will not be bound by the Stipulation and the settlement set forth therein, or have any right to object to, appeal from or comment thereon.

9.  All persons in the Settlement Class who do not exclude themselves from the Settlement Class in accordance with the terms of the Stipulation shall be bound by all determinations and judgments in this Action concerning the Stipulation and the settlement set forth therein, including, but not limited to, the releases provided for in the Stipulation, whether favorable or unfavorable to the Settlement Class.

LA 51009295v1

10. Persons in the Settlement Class who wish to receive payments under the settlement must complete, sign and return the Claim Form, via first class U.S. mail, postage paid, postmarked on or before 45 days after the Mailed Notice is first mailed. Each Claim Form must be signed by all cosigners on the loan(s) that were paid off within the Class Period and are the subject of the Action. Any Claim Form that is not fully or properly completed, or is not submitted by first class mail, or is postmarked after the applicable date, or is not addressed to the address in the Claim Form, or is not signed by the necessary Settlement Class Members, will not constitute a valid claim and may be rejected.

11. A hearing (the "Settlement Hearing") shall be held before this Court at 3:00 p.m. on April 14, 2008 to determine: (a) whether the proposed settlement of the Action on the terms and conditions provided in the Stipulation is fair, reasonable and adequate and should be given final approval by the Court; (b) whether a judgment substantially in the form of Exhibit __ to the Stipulation should be entered; and (c) whether to approve the payment of Class Counsel's attorneys' fees and costs and Plaintiff's incentive fee as set forth in the Stipulation. The Court may adjourn or continue the Settlement Hearing without further notice to persons in the Settlement Class.

12. Any Settlement Class Member may appear at the Settlement Hearing and show cause, if he or she has any, why the proposed settlement contained in the Stipulation should not be approved as fair, reasonable and adequate and why a judgment should not be entered dismissing the Action with prejudice in accordance with the terms of the Stipulation, and/or why Class Counsel's attorneys' fees and costs and Plaintiff's incentive fee should not be approved in the amount specified in the Stipulation; provided, however, that no Settlement Class Member, or any other person, shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the Judgment to be entered thereon approving same unless, not later than 30 days following the date on which Mailed Notice is first sent, the person has served by first class mail a notice of his or her intention to appear (which shall set forth each objection and the basis therefor), and copies of any papers in support of his or her position, upon Steven L. Wittels, Sanford Wittels & Heisler LLP, 950 Third Avenue, 10th Floor, New York, NY 10022, and Lisa M. Simonetti, Stroock & Stroock & Lavan LLP, 2029 Century Park East, Los Angeles, California, 90067-3086, and filed said notice of intention to appear and supporting papers with the Clerk

of the United States District Court for the Southern District of New York with proofs of service on the above attorneys. Any person who does not make an objection in the time and manner provided shall be deemed to have waived such objection and forever be foreclosed from making any objection to the proposed settlement, unless otherwise ordered by the Court.

13. Pending final determination of whether this Court should approve the Stipulation and the settlement set forth therein, all proceedings in the Action are stayed until further order of the Court, except as may be necessary to effectuate the settlement or comply with the terms of the Stipulation. Pending final determination of whether this Court should approve the settlement and the Stipulation, no person in the Settlement Class or any person purporting to act on behalf of such persons may, directly, on a representative basis or in any other capacity, commence or prosecute against any of the Released Parties any action, arbitration or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims.

14. The Court retains jurisdiction to consider all further applications arising out of or connected with the Stipulation and the settlement set forth therein. The Court may approve the Stipulation and the settlement set forth therein with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class.

IT IS SO ORDERED.

Dated: 12/19/07.

By: _____
THE HONORABLE KENNETH M. KARAS